UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EUGENE CARL DeBOISE, SR., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:10CV818 TIA |
| ) | |
| TASER INTERNATIONAL, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant St. Louis County's Motion to Dismiss. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**I. Facts**

Taking all facts alleged in the complaint as true and construing those facts in the light most favorable to the Plaintiffs,[1] the Court sets forth the following facts:

In July, 2008, Samuel DeBoise was 29 years old and resided with his parents. (Complaint, ¶ 29) He experienced mental illness as a teenager but lived symptom free for many years. (Complaint, ¶ 30) Shortly before the incident that is the subject of this lawsuit, his mental illness symptoms returned. (Complaint, ¶ 31) On July 7, 2008, Samuel became delusional and left the house naked. (Complaint, ¶ 41) When he returned the next morning, the neighbors reported that a naked man was beating houses in the neighborhood and referring to himself as God. (Complaint, ¶ 42) During the evening of July 8, 2008, Samuel was in a deranged stage and confronted his mother, Betty Joe Gathing, at home. He called himself God and demanded that she worship him. Betty was frightened

---

[1] Farm Credit Servs. of America v. American State Bank, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted).

and went to the neighbor's house to call 911. (Complaint, ¶¶ 43-48)

Upon arrival, Police Officer Williams observed a naked Samuel tear off the front screen door and reenter the house. (Complaint, ¶¶ 56, 58) After other officers arrived, they requested that Samuel come out of the house and lie down in the grass on his stomach, and he initially complied. (Complaint, ¶ 64-66) However, Samuel then stood up, glared at the officers, and approached them. (Complaint, ¶¶ 68, 69) The officers proceeded to shoot Samuel in "barb mode" with TASER guns. The officers subdued Samuel by putting their knees on his back while he lie on his stomach in prone position. (Complaint, ¶¶ 77, 78) After handcuffing Samuel, ambulance personnel injected him with Haldol and Ativan. (Complaint, ¶¶ 79-81) Thereafter, Samuel went into cardio-pulmonary arrest. All efforts to revive Samuel failed, and he was pronounced dead at Christian Northeast Hospital at 10:03 p.m. (Complaint, ¶¶ 83-89)

On May 5, 2010, Samuel's father, Eugene Carl DeBoise, Sr., and Samuel's minor children, T.E.R. and A.N.D, through their mothers, filed a Complaint against multiple defendants in federal court. Count IV of the Complaint asserts that Defendant St. Louis County violated the Americans with Disability Act (ADA) because its officers denied Samuel, a disabled individual, the benefits of law enforcement services, programs, and/or activities that the St. Louis County Police Department provides to the general public. (Complaint, ¶¶ 116-122) Further, Plaintiffs maintain that St. Louis County discriminated against Samuel on the basis of his disability by failing to provide him with effective communication during his control and arrest. (Complaint, ¶ 123) Finally, Plaintiffs allege that Defendant St. Louis County failed to properly train and supervise its employees to recognize, identify, communicate with, and interact with mentally ill persons. (Complaint, ¶ 126)

On December 28, 2010, Defendant St. Louis County filed a Motion to Dismiss under Fed.

R. Civ. P. 12(b)(6), asserting that Plaintiffs' Complaint fails to state a claim for which relief can be granted under the ADA.

## II. Legal Standards

The United States Supreme Court has held that a complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See Id. at 555; see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Twombly, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar

to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Ashcroft v. Iqbal, ___ U.S. ___ , 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. Id.

### III. Discussion

Defendant St. Louis County first asserts that it did not violate Title II of the ADA by failing to provide effective communication during the control and arrest of Samuel DeBoise because the alleged miscommunication occurred before Samuel was controlled. Defendant also argues that it did not violate the ADA by failing to properly train and supervise its officers to handle mentally ill persons because such claim is not actionable under Title II of the ADA. Plaintiff, on the other hand, contends that the ADA does apply to the facts of this case, as stated in the Complaint, such that St. Louis County's Motion to Dismiss should be denied.

The undersigned has reviewed the pleadings and the law and finds that dismissal under Fed. R. Civ. P. 12(b)(6) is not warranted at this time. Title II of the Americans with Disabilities Act (ADA) provides that " no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132.

The Eighth Circuit Court of Appeals has found that "a local police department falls 'squarely within the statutory definition of public entity.'" Gorman v. Bartch, 152 F.3d 907, 912 (8th Cir. 1998)

4

(quoting Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 210 (1998) (internal quotation omitted)). The Gorman court generally found that qualified individuals were eligible to receive services, programs or activities from law enforcement. Id. at 913. In that case, a paraplegic plaintiff alleged that police officers discriminated against him in violation of Title II of the ADA by failing to provide a proper transportation vehicle to accommodate his condition and failing to modify department policies and procedures dealing with the arrest and transportation to accommodate such disabled individuals. Id. at 909-10. The Gorman court held that the plaintiff's allegations passed 'the threshold required to bring a case under the ADA" and reversed the district court's grant of summary judgment in favor of the defendants and remanded the case to the district court for further proceedings on plaintiff's ADA claims. Id. at 913. The court also noted that the facts of the case were contested and required further development in the lower court. Id. at 913-14.

In the instant case, however, Defendant St. Louis County argues that the incident involving Samuel DeBoise occurred before his control and arrest such that the ADA does not apply. Plaintiffs, on the other hand, assert that the holding in Gorman is not limited to post-arrest benefits, programs, and services. The Eighth Circuit Court of Appeals has not ruled on this exact issue.[2] Further, the other cases cited by the Defendant addressed the issue at the summary judgment stage, noting that the inquiry was fact-specific. See, e.g., Tucker v. Tennessee, 539 F.3d 526, 534-36 (6th Cir. 2008) (affirming the district court's grant of summary judgment after considering the specific circumstances pertaining to the arrest of a deaf and mute arrestees before the arrival of an interpreter); Bircoll v.

---

[2] Defendant St. Louis County also relies on Thao v. City of St. Paul in support of its argument that the ADA applies only to post-arrests. 481 F.3d 565 (8th Cir. 2007). However, the issue pertained solely to training to accommodate a mentally ill person, and the case does not address whether an ADA discrimination or failure to accommodate claim attaches prior to control and arrest. Id. at 565.

5

Miami-Dade County, 480 F.3d 1070, 1086-87 (concluding that deaf plaintiff failed to state an ADA claim at the summary judgment stage regarding field sobriety tests during a DUI arrest after conducting a fact-specific inquiry of the particular circumstances of the case and noting that reasonableness is decided on a case-by-case basis); Hainze v. Richards, 207 F.3d 795, 802-03 (5th Cir. 2000) (finding that the district court did not abuse its discretion in granting summary judgment for defendants where the circumstances as presented in that case precluded a Title II claim by mentally ill plaintiff); Rosen v. Montgomery County, Maryland, 121 F.3d 154, 159 (4th Cir. 1997) (affirming the lower court's grant of summary judgment where deaf plaintiff failed to demonstrate that he was injured by ADA violations arising from arrest); Indeed, in Gohier v. Enright, the Tenth Circuit Court of Appeals noted that a broad rule categorically excluding arrests from the scope of Title II is not the law. 186 F.3d 1216, 1221 (10th Cir. 1999).

With regard to the present Motion to Dismiss, Defendant's briefs fail to address these cases in light of the motion to dismiss standard set forth in Twombly. In ruling on a motion to dismiss, the standard is the complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007). At this stage in the proceedings, Plaintiffs' Complaint meets this standard with regard to their ADA claim. Plaintiffs have stated that, through the acts and omissions of Defendant St. Louis County, the Defendant excluded Samuel from participating in, or denied him the benefits of, law enforcement services, programs, and/or activities. (Complaint, ¶ 122) Further, Plaintiffs assert that the Defendant subjected Samuel to discrimination on the basis of his disability by failing to effectively communicate with him during the control and arrest. (Complaint, ¶ 123) Finally, Plaintiffs claim that St. Louis County failed to properly train and supervise its agents and employees in the identity of and communication with mentally ill persons, as

well failed to adopt, implement, and enforce adequate policies and procedures to effectively communicate with mentally ill persons.[3] (Complaint, ¶ 126)

On the face of the Complaint, Plaintiffs have stated enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556. Therefore, the undersigned will deny the Motion to Dismiss. However, Defendant St. Louis County is free to file a motion for summary judgment at a later time.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant St. Louis County's Motion to Dismiss [Doc. #35] is **DENIED**.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this   12th   day of May, 2011.

---

[3] Although Defendants argue that the Eighth Circuit Court of Appeals has held that a claim of failure to train police officers is not actionable under Title II of the ADA, the undersigned disagrees. In Sanders v. City of Minneapolis, Minnesota, the plaintiff's husband, who suffered from bipolar disorder, was shot and killed after allegedly attempting to run over police officers. 474 F.3d 523, 524 (8th Cir. 2007). The plaintiff alleged that the officers violated the ADA and argued that, "had the City properly trained its officers in how to approach individuals with mental illnesses, the situation would not have escalated to the point of needing to use deadly force." Id. at 527. Affirming the district court's grant of summary judgment, the Sanders court found that "[i]t was not the City's failure to train its officers, but [the] apparent attempt to run over the officers that precipitated the shooting." Id. Nowhere did the Sanders court say that such a failure to train claim is not actionable under the ADA. Instead, the court determined that the specific facts and circumstances of the case did not support such a claim at the summary judgment stage. Id; see also Thao v. City of St. Paul, 481 F.3d 565, 567 (8th Cir. 2007) (noting that the Eighth Circuit Court of Appeals "recently declined to extend the ADA to encompass failure to train liability in **similar circumstances**") (emphasis added).